IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00114-MR

| QUAMAINE LEE MASSEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| ROBERT BARKER, et al., | ) | **ORDER** |
|  | ) |  |
| Defendants. | ) |  |
| _____ | ) |  |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 8]. The Plaintiff is proceeding in forma pauperis. [Doc. 4].

**I.  BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Marion Correctional Institution.[1] The Court dismissed the Complaint on initial review, and the Plaintiff was granted the opportunity to amend. [Doc. 7]. The Amended Complaint is now before the Court for initial review. [Doc. 8].

---

[1] The Plaintiff is now incarcerated at the Alexander Correctional Institution.

The Plaintiff again names as Defendants Robert T. Barker, a disciplinary hearing officer (DHO); Curtis Tate, a unit manager; and FNU Napier, a correctional officer. In his Amended Complaint, he has added Monica Bond, the Chief DHO in Raleigh, as a Defendant. He asserts claims for "due process disciplinary proceedings." [Doc. 8 at 4]. He specifically alleges as follows:

> On 3/13/24 Robert Barker and Curtis Tate violated my disciplinary proceedings rights and harmed my good days and credit in favor for correctional officer Napier as on the report Napier state that Napier striked her elbow on the "wall" beside the door. Then Napier stated her elbow on the "Door jamb," using false incident reports as Napier also state I striked her with my "cheek" which is impossible to do. I was in full restraints at that time in fact then I pled not guilty and on April 18th 24 my appeal came back from Raleigh – Monica Bond whom upheld the verdict. I loss good days and credit. I was in full restraints legs and hands to the back.

[Id. at 5] (errors uncorrected). For injury, he claims "loss of good days and credit." [Id.]. He seeks "injunction damages." [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and

2

dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

In the Amended Complaint, the Plaintiff reiterates his claims that the disciplinary conviction was supported by false evidence and that unspecified due process violations occurred in his disciplinary conviction and appeal. These allegations fail to state a plausible § 1983 claim for the reasons discussed in the Order on initial review of the Complaint. [See Doc. 7]. The Amended Complaint fails initial review for these same reasons.

3

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint once and has again failed to state a claim for relief. See <u>Green v. Wells Fargo Bank, N.A.</u>, 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

In sum, the Amended Complaint fails initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A, and this action is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc.8] fails initial review, and this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 23, 2024

Martin Reidinger
Chief United States District Judge